# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| NANCY OROZCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-15340 |
| ) | |
| ACTORS OF THE STATE OF ) | |
| WEST VIRGINIA, ) | |
| ) | |
| Defendants. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed *in Forma Pauperis* and "Emergency Petition for Mandatory Injunction of the Order of Adoption of ZDO" filed on November 19, 2015. (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the Emergency Petition and all further documents of record submitted by Plaintiff, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

## FACTUAL BACKGROUND

On November 19, 2015, Plaintiff, acting *pro se*, filed her "Emergency Petition for Mandatory Injunction of the Order of Adoption of ZDO." (Document No. 2.) Plaintiff names "actors of the State

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of West Virginia" as the Defendants. (Id.) In her Emergency Petition, Plaintiff appears to argue that her constitutional rights were violated during abuse and neglect proceeding involving her grandchild, Z.D.O., in Monroe County, West Virginia. (Id.) First, Plaintiff complains that on "March 27, 2013, the Magistrate Court issued a felony warrant for the arrest of Mira A. Orozco, and kidnaped [Plaintiff's] grandson, by means of a warrant devoid of sworn testimony, without due process of law." (Id., p. 2.) Plaintiff contends that the West Virginia Supreme Court of Appeals "has endeavored to cover up the existence of the warrant by refusing to allow any arguments with regard to the warrant biased in favor of the State and in denial of due process of law." (Id.) Next, Plaintiff complains that Judge Irons improperly accepted a letter from a DHHR worker, Terri L. Farley, dated May 8, 2014. (Id., p. 3.) Plaintiff states that Ms. Farley provided a copy of the letter to Prosecutor Justin St.Clair and Guardian Ad Litem John Anderson. (Id.) Plaintiff contends that the foregoing individuals acted in "collusion all committing fraud upon the court, setting up a series of libelous and slanderous [statements] against the family of Z.D.O." (Id.) Plaintiff argues that the foregoing interfered with "justice and family reunification by denying minor child, Z.D.O., meaningful access to the court during child abuse and neglect" proceedings. (Id.) Plaintiff argues that the West Virginia Supreme Court of Appeals has refused to properly hear arguments concerning the foregoing. (Id.) Plaintiff further contends that the West Virginia State Police "refuse to accept an affidavit of complaint" concerning the alleged misconduct. (Id.)

Third, Plaintiff argues that the Circuit Court denied her access to the court between January 21, 2014, and June 6, 2014, when she filed for intervener status in the abuse and neglect proceedings. (Id.) Plaintiff complains that this caused "undue delay in providing home studies and evaluations for family reunification." (Id.) Fourth, Plaintiff asserts that Judge Irons improperly interfered with her

attempt to petition for adoption of Z.D.O. by requiring Plaintiff to obtain approval from DHHR prior to filing the petition. (Id., p. 4.) Fifth, Plaintiff claims that DHHR improperly delayed Plaintiff's home study. (Id., pp. 5 - 6.) Plaintiff contends that her counsel contacted DHHR on April 23, 2014, and DHHR failed to conduct the home study until July 17, 2014. (Id.) Sixth, Plaintiff alleges that DHHR improperly stopped, without court order, all parental visitation by Mira Orozco from May 25, 2013, until September 30, 2013. (Id.)

Seventh, Plaintiff argues that the Circuit Court improperly denied Plaintiff visitation and communication with Z.D.O. "resulting in the alienation of love and affection of her grandson Z.D.O. and preventing emotional bonds with his family by denying the child access of his family." (Id.) Plaintiff complains that DHHR and the Court then "used lack of family bonding as reason for denying adoption of Z.D.O. by family." (Id.) Eighth, Plaintiff complains that the Guardian Ad Litem failed to conduct "independent investigations, and did not interview family members for relative placement of Z.D.O." (Id.) Ninth, Plaintiff complains that Judge Irons "produced a false record of an impromptu meeting that purportedly occurred with less than 24 hours notice." (Id., p. 6.) Plaintiff complains that she was not allowed to attend the meeting. (Id.) Tenth, Plaintiff asserts that the "Court and DHHR concealed the attempts of Jennifer Adams to foster Z.D.O. for 11 months to deny all family contact to establish alienation of the child from the family." (Id.) Finally, Plaintiff claims that Judge Irons' Order dated December 29, 2014, contains inaccurate and deceptive statements concerning her home study and psychological evaluation. (Id., pp. 6 - 8.) As relief, Plaintiff requests the following: (1) "[I]mmediate mandatory injunctive relief from the order of adoption of [her] grandon Z.D.O.;" (2) "[A] full investigation of the judicial events that occurred with regard to the kidnaping of [her] grandson;" (3) "[M]andatory injunctive relief of a stay for the judicial process in

these judicial cases pending competition of a judicial investigation;" and (4) "[M]onetary and punitive damages sufficient to impress upon the minds of the actors of the State of West Virginia that they have no right to destroy families through corrupt design." (Id., p. 8.)

As Exhibits, Plaintiff attaches the following: (1) A copy of a Criminal Complaint and Warrant for Arrest regarding Mira Orozco as issued by the Monroe County Magistrate Court on March 27, 2013 (Id., pp. 10 - 13.); (2) A copy of Plaintiff's "Motion to Move Exhibit # 21 into Evidence" as filed in the West Virginia Supreme Court of Appeals (Id., p. 14.); (3) A copy of a letter dated May 8, 2014, from DHHR to Judge Robert A. Irons (Id., pp. 15 - 16.); (4) A copy of Plaintiff's "Affidavit of Fact" as filed with the West Virginia Supreme Court (Id., pp. 17 - 18.); (5) A copy of the West Virginia Supreme Court's Memorandum Decision in In Re: Z.D.O, No. 15-0079 as filed on October 20, 2015 (Id., pp. 19 - 23.); and (6) A copy of Plaintiff's appeal brief as filed with the West Virginia Supreme Court of Appeals (Id., pp. 24 - 37.).

## THE STANDARD

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the documents comprising her Complaint are subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708 at *2 (D.Md.), aff'd, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law

when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## ANALYSIS

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

**1.      Improper Parties:**

Plaintiff names "Actors of the State of West Virginia" as Defendants. Section 1983 claims, however, must be directed at a "person." See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983); also see Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment). Accordingly, the undersigned finds that "Actors of the State of West Virginia" are not "persons" as required by Section 1983.[2]

---

[2] Plaintiff appears to assert several claim of misconduct by Judge Irons. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in *Bradley v. Fisher*, 80 U.S. 335, __ S.Ct. ___, 20 L.Ed. 646 (1872)." *Imbler v. Patchman*, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." *Jackson v. Houck*, 181 Fed. App'x 372, 372 (4th Cir. 2006) (*quoting Mireles v. Waco*, 502 U.S. 9, 12-13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Based upon the allegations contained in the Complaint, the undersigned finds that Judge Irons is absolutely immune from suit. Plaintiff appears to argue that Judge Irons allowed certain constitutional rights to be violated during abuse and neglect proceedings. As stated above, judges have absolute immunity for their judicial acts even when the judge is accused of acting maliciously and corruptly. Accordingly, Plaintiff's claim against Judge Irons must be dismissed.

**2.     *Rooker-Feldman* Doctrine:**

"Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); also see Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006). In the instant case, Plaintiff is essentially asking this Court to review and reject the findings of the Circuit Court of Monroe County and the West Virginia Supreme Court of Appeals. In support of her request, Plaintiff first alleges that Judge Irons made improper findings during the abuse and neglect proceeding concerning her grandchild, Z.O. Next, Plaintiff asserts that the West Virginia Supreme Court of Appeals failed to properly consider her appeal. Thus, Plaintiff is essentially requesting that this Court review the decisions of the Circuit Court of Monroe County and the West Virginia Supreme Court of Appeals. Accordingly, the undersigned finds that the *Rooker-Feldman* Doctrine precludes Plaintiff's indirect attempt to appeal a State Court decision to this Court.

**3.     State Law Claims:**

Viewing Plaintiff's claims against the Defendants for the tort of libel or slander under West Virginia law, the District Court cannot consider them under its supplemental jurisdiction because Plaintiff has failed to state any other claim for which relief can be granted over which the District Court has original jurisdiction.[3]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1), **DISMISS** Plaintiff's "Emergency Petition for Mandatory Injunction of the Order of Adoption of Z.D.O." (Document No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

---

[3] The District Court has supplemental jurisdiction over State law tort claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." *United Mineworkers of America v. Gibbs*, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)(Citation omitted.)

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 23, 2015.

R. Clarke VanDervort
United States Magistrate Judge