IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

NANCY OROZCO,

    Plaintiff,

v.                                      Civil Action No: 1:15-15340

ACTORS OF THE STATE OF
WEST VIRGINIA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff's application to proceed without prepayment of fees and costs, (Doc. No. 1), and plaintiff's "Emergency Petition for Mandatory Injunction of the Order of Adoption of Z.D.O." (Doc. No. 2). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3). The magistrate judge submitted his proposed findings and recommendations ("PF&R") on November 23, 2015. (Doc. No. 5). In the PF&R, Magistrate Judge VanDervort recommended that the court deny plaintiff's application to proceed without prepayment of fees and costs, dismiss plaintiff's "Emergency Petition," and remove the matter from the court's docket. (Doc. No. 5 at 8).

1

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Plaintiff requested and received two extensions to submit objections to the PF&R. (Doc. Nos. 9, 11). Plaintiff timely filed objections to the PF&R on January 19, 2016. (Doc. No. 12). At that time, plaintiff also filed an amended complaint and a number of exhibits and affidavits in support of her objections and amended complaint. (Doc. Nos. 13, 14). Because plaintiff's objections are without merit, the court adopts the PF&R, denies plaintiff's application to proceed without prepayment of fees and costs, dismisses plaintiff's "Emergency Petition for Mandatory Injunction," and dismisses this matter from the court's docket.

I. **Background**

On November 19, 2015, plaintiff filed an "Emergency Petition" in this court alleging a number of violations related to abuse and neglect proceedings in Monroe County, West Virginia, concerning her grandson, Z.D.O. (Doc. No. 2). Plaintiff's filing incorporates a number of allegations, including:

    1) The Monroe County Magistrate Court issued a felony warrant for the arrest of Mira A. Orozco, plaintiff's daughter, and kidnapped plaintiff's grandson, by means of a warrant devoid of sworn testimony, without due process of law;
    2) The presiding judge, the Honorable Robert Irons, improperly accepted a letter from a West Virginia

2

       Department of Health and Human Resources ("DHHR") employee, Terri L. Farley, and "set . . . up a series of libelous and slanderous [statements] against the family of Z.D.O.";
3) The Circuit Court of Monroe County denied plaintiff access to the court between January 21, 2014 and June 6, 2014, when plaintiff filed for intervener status in the abuse and neglect proceedings concerning Z.D.O.;
4) Judge Irons improperly interfered with plaintiff's petition for adoption of Z.D.O. by requiring plaintiff to obtain approval from DHHR before filing her petition;
5) DHHR improperly delayed plaintiff's home study;
6) DHHR improperly ceased all parental visitation by Mira Orozco from May 25, 2013 through September 30, 2013 without a court order;
7) The Circuit Court of Monroe County improperly denied plaintiff visitation and communication with Z.D.O., resulting "in the alienation of love and affection of her grandson Z.D.O. and preventing emotional bonds with his family by denying the child access of his family";
8) The Guardian ad Litem assigned to Z.D.O.'s case failed to conduct "independent investigations, and did not interview family members for relative placement of Z.D.O.";
9) Judge Irons "produced a false record of an impromptu meeting that purportedly occurred with less than 24 hours' notice," and plaintiff was not allowed to attend the meeting;
10) The Circuit Court and DHHR concealed attempts of Jennifer Adams to foster Z.D.O. for eleven months in order to deny all family contact with Z.D.O.;
11) Judge Irons's December 29, 2014 Order contains inaccurate and deceptive statements concerning plaintiff's home study and psychological evaluation.

Plaintiff seeks relief in the form of an immediate injunction preventing the adoption of Z.D.O., an investigation into "the judicial events that occurred with regard to the kidnapping of [her] grandson," "mandatory injunctive relief of a stay for the

3

judicial process in these judicial cases pending completion of a judicial investigation," and "monetary and punitive damages sufficient to impress upon the minds of the actors of the State of West Virginia that they have no right to destroy families through corrupt design."  Id. at 8.

Because plaintiff seeks to proceed without prepayment of fees and costs, her "Emergency Petition" is subject to prescreening under 28 U.S.C. § 1915.  As part of the prescreening process, the court must dismiss those complaints or filings that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B) (2012).  A frivolous claim is one that is based upon an indisputably meritless legal theory.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Magistrate Judge VanDervort found that plaintiff's "Emergency Petition" constitutes a frivolous claim because it seeks review of state court decisions.  Under the Rooker-Feldman doctrine, "lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court."  Plyler et al. v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) (citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413,

4

415-16 (1923)). Magistrate Judge VanDervort reviewed plaintiff's filings and found that her allegations and prayer for relief seeks investigation, review, and reversal of state court decisions. As a result, Magistrate Judge VanDervort concluded that the Rooker-Feldman doctrine prevented the court from exercising jurisdiction over plaintiff's "Emergency Petition" and found her filing to be frivolous. Consequently, the PF&R recommended dismissal of plaintiff's "Emergency Petition."[1]

## II. Plaintiff's Objections to the PF&R

Plaintiff's filing, while voluminous, provides little to challenge the findings contained in the PF&R. Instead, her "objections" repeat the same arguments and allegations that plaintiff presented in her initial filing. Plaintiff's contentions "do not direct the court to a specific error in the magistrate's proposed findings and recommendations" because such

---

[1] Furthermore, Magistrate Judge VanDervort concluded that plaintiff's "Emergency Petition" sought remedy pursuant to 42 U.S.C. § 1983. And, as plaintiff requested relief against the "Actors of the State of West Virginia," her filing did not seek redress against a "person" as required by § 1983. Magistrate Judge VanDervort recommended dismissal of plaintiff's "Emergency Petition" for this reason, as well.
   Magistrate Judge VanDervort also found that plaintiff sought relief under state law for libel and/or slander, but that the court could not consider these claims under supplemental jurisdiction because plaintiff failed to state a claim for relief over which the court could exercise original jurisdiction. (Doc. No. 5 at 8).

arguments are "general and conclusory." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). As a result, a court need not conduct a <u>de novo</u> review of such objections.[2] <u>Id.</u>

However, having reviewed plaintiff's filings in their entirety, the court concludes that dismissal of her "Emergency Petition" is appropriate. Plaintiff appears to argue that she is "not asking for review of a lower court's decision," but nevertheless contends that "the orders of the lower court were issued under multiple unaddressed challenge [sic] of jurisdiction therefore the order of adoption of the lower court is a nullity void without merit," and asks the court to review and remedy this violation. (Doc. No. 12 at 12, 14). Plaintiff may argue that her "Emergency Petition" does not seek reconsideration of state court decisions, but the court finds that this is plainly the relief that plaintiff requests. The <u>Rooker-Feldman</u> doctrine prevents such review and, as a result, dismissal of plaintiff's "Emergency Petition" is warranted.

Plaintiff also filed an amended complaint, (Doc. No. 13), and a "Motion to Move Attachments into Exhibit [sic] and Exhibits into Evidence," (Doc. No. 14), along with her

---

[2] The court recognizes that plaintiff is proceeding <u>pro se</u> and therefore her filings are held to a less stringent standard than if they were prepared by a lawyer. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). Nonetheless, even under this liberal standard, plaintiff's objections fail to warrant a <u>de novo</u> review.

6

objections. A court must dismiss a pro se complaint for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-6 (1957)). Where a pro se plaintiff may remedy his complaint by amendment, the district court must allow such an amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Plaintiff has amended her complaint to name certain defendants, but retains the same arguments that she proffered in her initial "Emergency Petition." Her arguments and relief requested are unaltered: that the court should investigate and reconsider the state court decisions allowing adoption of Z.D.O. These arguments and allegations offer no support for a claim that would entitle plaintiff to relief, nor do the attachments plaintiff includes in her "Motion to Move the Attachments into Exhibit". Accordingly, the court need not allow plaintiff to amend her complaint.

### III. Conclusion

Accordingly, the court **OVERRULES** petitioner's objections to Magistrate Judge VanDervort's PF&R. The court adopts the factual and legal analysis contained within the PF&R, **DENIES** plaintiff's application to proceed without prepayment of fees and costs, (Doc. No. 1), **DISMISSES** plaintiff's "Emergency

7

Petition for Mandatory Injunction of the Order of Adoption of Z.D.O.," (Doc. No. 2), **DENIES** as moot plaintiff's "Motion to Move the Attachments into Exhibit and Exhibits into Evidence," (Doc. No. 14), and **DISMISSES** this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

**IT IS SO ORDERED** on this 23rd day of February, 2016.

ENTER:

*[signature: David A. Faber]*

David A. Faber
Senior United States District Judge

8